UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | HON. ROBERT B. KUGLER |
| Plaintiff(s), : | |
| : | Criminal No. 06-736(5)(RBK) |
| v. : | |
| : | |
| MOISES HERNANDEZ, et al. : | |
| : | |
| Defendant(s). : | |

**O P I N I O N**

This court on December 19, 2008, took testimony and heard argument on defendant's Motion to Withdraw the guilty plea he entered on May 7, 2008. Defendant had been charged in Count One with a conspiracy to distribute and possess with intent to distribute cocaine base and in Count Two with use of a firearm in furtherance of a drug trafficking crime that resulted in the death of Cesar Severino. In the moving papers, defendant's affidavit asserted he did not really commit the murder. In a handwritten statement attached to the Brief, defendant's only reference to the drug charge was "I asked that you let me plead to the conspiracy, and take back my plead [sic] to the homicide." From this, defense counsel argued that defendant would continue to admit the drug charges and didn't want to withdraw his guilty plea to that. He only wanted to withdraw his plea to the firearms charge.

At the hearing on December 19, 2008, defendant insisted on testifying. At that time he acknowledged he testified under oath on May 7, 2008, concerning the drug and homicide matters. He disavowed almost every factual statement he made on May 7, 2008, describing his sworn testimony as lies.

The court denied the Motion to Withdraw the guilty plea, and with the consent of the defendant, moved immediately to sentence him.  The court found a Guideline Offense Level of 32 and a Criminal History Category of VI, and sentenced defendant to a total of 330 months imprisonment, restitution, and three years of supervised release.

On December 30, 2008, defendant filed this Motion pursuant of F.R.Crim.P. 35, to "correct" defendant's sentence.  Defense counsel argues that the court erred in not giving the defendant a three level Guideline reduction for "acceptance of responsibility," and thus the court made an "arithmetical" error.  The government opposes the Motion.

The simple fact is that beginning with the Motion to Withdraw his guilty plea, and continuing to the present, defendant does not accept responsibility for the crimes he pled guilty to.  Even though the court was not bound by the Stipulations, which are attached as Schedule A to the April 28, 2008, Plea Agreement letter, defendant understood he would get the benefit of a two level reduction only if his acceptance of responsibility "continues through the date of sentencing." Paragraph 10.  Clearly, it did not.  And he was to get the benefit of the third point reduction only if he qualified for the two level reduction.  Paragraph II.  Again, that didn't happen.

According, defendant's motion for a "correction" of the sentence imposed on December 19, 2008, is **DENIED**.

Dated:  January 30, 2009

s/Robert  B.  Kugler  
ROBERT B. KUGLER  
United States District Judge