MOISES HERNANDEZ
REG. NO. 41269-050
FCI RAY BROOK
FEDERAL CORR. INSTITUTION
P.O. BOX 900
RAY BROOK, NY  12977

August 24th, 2020

Mr. William T. Walsh
Clerk of Court
U.S. District Court
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Streets, Room 1050
Camden, NJ 08101

RECEIVED
AUG 3 1 2020
AT 8:30
WILLIAM T. WALSH
CLERK
M

RE:   *Hernandez v. United States*
       Crim No. 1:06-cr-00736-RBK-5

Dear Mr. Walsh:

Enclosed please find and accept for filing Movant's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act. Please submit this document to the Court.

Thank you for your assistance in this matter.

Sincerely,

MOISES HERNANDEZ
Appearing *Pro Se*

*Encl. as noted*

UNITED STATES DISTRICT COURT RECEIVED
DISTRICT OF NEW JERSEY

AUG 3 1 2020

MOISES HERNANDEZ,                          :

                Movant,                    :

        v.                                 :      Crim No. 1:06-cr-00736-RBK-5

UNITED STATES OF AMERICA,                  :

                Respondent.                :

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## MOTION FOR IMPOSITION OF A REDUCED SENTENCE PURSUANT TO SECTION 404 OF THE FIRST STEP ACT

COMES Movant, MOISES HERNANDEZ ("Hernandez"), appearing *pro se,* and in support of this memorandum would show as follows:

Section 404 of the First Step Act of 2018, enacted on December 21, 2018, independently authorizes a district court to impose a reduced sentence for crack-cocaine convictions where the statutory penalty provisions of the Fair Sentencing Act would have applied had that Act been in effect at the time of the original sentencing. Hernandez moves this Court to reduce his sentence pursuant to this Act.

## I. BACKGROUND

### A.    Procedural Background

On May 7, 2008, a grand jury sitting in the United States District Court for the District of New Jersey, Camden Division, returned a two (2) count Superseding

Information charging Hernandez. See Doc. 111.[1] Count 1ss charged Hernandez with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base ("Crack"), in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). *Id.* Count 2ss charged Hernandez with Use of a Firearm in Furtherance of a Drug Trafficking Crime that Caused Death, Without Malice, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), (c)(1)(D)(ii), and 924(j). *Id.*

On May 7, 2008, after waiving his right to prosecution by Indictment, a Plea Hearing was held and Hernandez entered a plea of guilty on Counts 1ss and 2ss of the Superseding Information, pursuant to a written Plea Agreement. See Doc. 112, 113, 116.

On November 19, 2008, Hernandez was sentenced to a total term of 330 months' imprisonment, 3 years of Supervised Release, Restitution in the total amount of $7,390, and a Mandatory Special Assessment Fee of $200. See Docs. 124, 125.

On December 29, 2008, Hernandez timely filed a Notice of Appeal. See Doc. 128.

---

[1]

"Doc." refers to the Docket Report in the United States District Court for the District of New Jersey, Camden Division in Criminal No. 1:06-cr-00736-RBK-5, which is followed by the Docket Entry Number. "CvDoc." refers to the Docket Report in the United States District Court for the District of New Jersey, Camden Division in Civil No. 1:2017-cv-04582-RBK, which is followed by the Docket Entry Number. "PSR" refers to the Presentence Report in this case, which is immediately followed by the paragraph ("¶") number.

On May 6, 2010, the United States Court of Appeals for the Third Circuit ("Third Circuit") issued an Order affirming Hernandez's judgment of conviction and sentence. See Doc. 144.

On June 21, 2017, Hernandez filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), which was denied on September 27, 2019. See CvDocs. 1, 3, 14, 15.

**B.**    **Statement of the Relevant Facts**

1.    Offense Conduct

Hernandez's charges arise out of an investigation into drug trafficking in Camden, New Jersey. In late June 2006, law enforcement officers intercepted and recorded conversations from the mobile telephone of an individual named Cesar Severino. The substance of the phone calls suggested that Severino had supplied defendant Moises Hernandez with crack cocaine but that Hernandez had complained that the crack cocaine supplied was of poor quality, leading Severino to promise to replace the drugs with higher quality material. On July 8, 2006, Severino was shot and killed. Hernandez was identified as the perpetrator by Edwin Saldivar, who was present when Severino was shot and who was also injured during the episode. Two eyewitnesses standing across the street at the time of the shooting also identified Hernandez. Hernandez was arrested on July 13, 2006. Subsequent to his arrest,

Hernandez waived his rights under *Miranda* and confessed to Drug Enforcement and Administration agents that he killed Severino in the heat of passion after Severino slapped him. Hernandez also confessed to the New Jersey Prosecutor's Office and Camden Police Department in a separate interview.

### 2.    Plea Proceeding

On May 7, 2008, after waiving his right to prosecution by Indictment [Doc. 116], a Plea Hearing was held and Hernandez entered a plea of guilty on Counts 1ss and 2ss of the Superseding Information [Doc. 112], pursuant to a written Plea Agreement. See Doc. 113. In exchange for Hernandez's guilty plea, the government agreed to the following: (1) will not initiate any further criminal charges against Hernandez for the shooting death of Cesar Severino and the shooting of Edwin Saldivar; and (2) dismiss the Superseding Indictment pending against Hernandez. *Id.* at 1. More so, pursuant to the Plea Agreement, the parties agree to recommend that the Court impose a prison sentence of 240 months (that is 120 months on Count 1ss and a consecutive 120 months on Count 2ss), and further agree that a prison sentence of 240 months is reasonable and appropriate. *Id.* at 7. It is also important to note that the Plea Agreement states that Hernandez has demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charge. Therefore a downward adjustment of 2 levels for acceptance of responsibility is appropriate,

pursuant to USSG 3E1.1(a); and that Hernandez assisted the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, hence, he is entitled to an additional 1-point reduction, pursuant to USSG § 3E1.1(b). *Id.* The case was referred to the Probation Office for the preparation of the PSR.

        3.     Presentence Report Calculations and Recommendations

On September 23, 2008, the Probation Office prepared Hernandez's PSR, which was revised on October 30, 2008. On Count 1ss, the PSR determined that the Base Offense Level was 28 (based on a drug weight of at least 35 grams but less than 50 grams of cocaine base, pursuant to USSG § 2D1.1(c)(6). See PSR ¶ 100. However, Hernandez was deemed to be a career offender within the meaning of USSG § 4B1.1 Therefore, his offense level was increased to level 32. See PSR ¶ 109. Hernandez's total criminal history points of 11, placing him in Criminal History Category V. See PSR ¶ 142. But Hernandez's career offender status automatically establishes a Criminal History Category of VI, pursuant to USSG § 4B1.1. Based upon a Total Offense Level of 32 and a Criminal History Category of VI, the guideline imprisonment range was 210 to 262 months. However, due to the statutory provisions of 18 U.S.C. § 841(b)(1)(C), the guideline range for imprisonment was 210 to 240 months. Count 2ss requires a mandatory consecutive sentence of 120 months. Hence, the guideline range became 330 to 360 months. See PSR ¶ 175.

**Note:** The Probation Office concurred with the Plea Agreement with the exception of the stipulated 3-point reduction in the offense level pursuant to the provisions of USSG § 3E1.1. See PSR ¶ 176. This decision was based on the presentence interview held on June 10, 2008– Hernandez respectfully declined to make a statement with regard to acceptance of responsibility. See PSR ¶ 95. Hernandez received no reduction for acceptance of responsibility even though the government made it clear that he admitted his guilt in the instant offense and assisted authorities in the investigation and prosecution of his own misconduct. See Doc. 113 at 7.

    4.    <u>Sentencing Proceeding</u>

On November 19, 2008, a Sentencing Hearing was held before Judge Robert B. Kugler. See Doc. 124. At sentencing, the government argued that Hernandez should receive a sentence within the guidelines–namely a sentence between 330 to 350 months–instead of the 240 months stipulated in the Plea Agreement. The Court calculated his Guideline Offense Level at 32 and Criminal History Category VI. Hernandez was sentenced to a 210 month period of incarceration on Count 1ss and 120 months on Count 2ss, to be served consecutively, for a total of 330 months. A timely Notice of Appeal was filed on December 29, 2008. See Doc. 128.

5.    Appellate Proceeding

On Appeal, Hernandez argues on appeal that: (1) the District Court erred by denying his motion to withdraw his guilty plea prior to sentencing; (2) the government breached its plea agreement with him; (3) the government coerced him into accepting a plea bargain and misled him; and (4) the district court erred by failing to award him a three-point reduction for acceptance of responsibility. He seeks to withdraw his guilty plea. See *United States v. Hernandez*, 378 F. App'x 145 (3d Cir. 2010). On May 6, 2010, the Third Circuit denied Hernandez's appeal, affirming both his conviction and sentence. See *id.* at *7. The United States Supreme Court denied his writ of certiorari. See *Hernandez v. United States*, 562 U.S. 398 (2010).

6.    Postconviction Proceeding

On June 21, 2017, Hernandez filed a § 2255 Motion, arguing that pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), his conviction under 18 U.S.C. § 924(c) should be invalidated as unconstitutionally vague. See CvDoc. 9, at 4. Respondent filed an answer opposing the petition. See CvDoc. 12. On September 27, 2019, the District Court denied Hernandez's § 2255 Motion and a certificate of appealability was not issued. See CvDocs. 14, 15.

7

## II. DISCUSSION

As a preliminary matter, Hernandez respectfully requests that this Court be mindful that *pro se* complaints are to be held "to less stringent standards than formal pleadings drafted by lawyers," and should therefore be liberally construed. See *Higgs v. Attorney Gen. of The United States*, 655 F.3d 333 (3rd Cir. 2011); *Estelle v. Gamble*, 429 U.S. 97 (1976)(same); and *Haines v. Kerner*, 404 U.S. 519 (1972)(same).

### A.   The U.S. Sentencing Commission Advises Against Strict Application of the Career Offender Guideline to Non-Violent Offenders Like Hernandez.

In this case, Hernandez was classified as a career offender because he was at least 18 years old at the time he committed the instant offense of conviction; and has at least two prior felony convictions of a "controlled substance" offense, to wit:

1)   May 18, 2000: Possession of a Controlled Dangerous Substance, to Wit: Crack Cocaine, with Intent to Distribute within 1000 Feet of a School Zone, in the Superior Court of New Jersey, Camden County, Docket No. 00-07-02231-A; and

2)   August 17, 2005: Possession of a Controlled Dangerous Substance, to Wit: Crack Cocaine, with Intent to Distribute within 1000 Feet of a School Zone, in the Superior Court of New Jersey, Camden County, Docket No. 05-12-04731-I.

*The U.S. Sentencing Commission advises against strict application of the Career Offender Guideline to non-violent offenders like Hernandez.*

8

Recent data-based guidance from the U.S. Sentencing Commission advises against the strict application of the Career Offender Guideline to Hernandez, because his classification is based solely on prior drug offenses. This guidance weighs in favor of a reduced sentence toward Hernandez's non-career offender Guideline range, which would be 130 to 162 months, restricted to 120 months on Count 2ss due to the statutory minimum.[2]

In a 2016 report to Congress, the U.S. Sentencing Commission advised that "[d]rug trafficking only career offenders . . . should not categorically be subject to the significant increases in penalties required by the career offender directive" because they "are not meaningfully different from other federal drug trafficking offenders[.]"[3] The report described the results of a multi-year study in which the Commission explored concerns that "the career offender directive fails to meaningfully distinguish among career offenders with different types of criminal records and has resulted in

---

[2]

Hernandez was held accountable for a total of at least 35 grams but less than 50 grams of cocaine base, resulting in a non-career offender base offense level of 28. See USSG § 2D1.1(c)(6). Combined with his Criminal History Category of V, the resulting Guidelines range under the Sentencing Table is 130 to 162 months, restricted to 120 months for Count 2 due to the statutory minimum.

[3]

See U.S. Sentencing Comm'n, Report to the Congress: Career Offender Sentencing Enhancements, at 3 (Aug. 2016), https://www.ussc.gov/sites/default/files/pdf/news/ congressional-testimony-and-reports/criminal-history/201607_RtC-Career-Offenders.pdf ("USSC COG Report").

overly severe penalties for some offenders."[4] Specifically, the Commission analyzed criminal history and recidivism data for career offenders, separating the results based on whether the person's prior convictions were drug trafficking offenses, crimes of violence, or both. The data revealed "clear and notable differences between career offenders who have committed a violent offense and those who are deemed career offenders based solely on drug trafficking offenses."[5] For example, "drug trafficking only career offenders" proved to have lower recidivism rates than other career offenders, with rates that actually were "relatively similar" to those of non-career offenders. The Commission's study led it to conclude that "the career offender directive is best focused on those offenders who have committed at least one 'crime of violence.'"[6] The Commission also recommended "that Congress amend the directive to reflect this principle by no longer including those who currently qualify as career offenders based solely on drug trafficking offenses."[7] According to the Commission, "[t]hese reforms would help ensure that federal sentences better account for the severity of the offenders' prior records, protect the public, and avoid undue

---

[4] *Id.* at 2.

[5] *Id.* at 8.

[6] *Id.* at 40-41.

[7] *Id.* at 3.

10

severity for certain less culpable offenders."[8]

The Commission also noted the disproportionate way in which the Career Offender Guideline affects people convicted of federal drug trafficking offenses, due to the "higher statutory maximum penalties for those offenders."[9]

Hernandez's case is a clear example of that disproportionate impact. Indeed, his prior drug convictions (1) qualify him for an enhanced sentence under the Career Offender Guideline, and (2) enhance his career offender offense level from 28 to 32 due to his enhanced statutory maximum.

The Sentencing Commission is not alone in recognizing the ways in which the Career Offender Guideline is overly punitive toward drug offenders. The Commission determined through its study that "[d]rug trafficking only career offenders were most likely to receive a sentence below the guideline range[.]" The average sentence for such offenders was 134 months, which is "nearly identical to the average guideline

---

[8] *Id.* (emphasis added).

[9]

*Id.* Although Congress has not implemented such a reform yet, the Commission identified the continuation of those efforts as a priority in its most recent amendment cycle. *See* Federal Register Notice (83 FR 30477): Proposed Priorities for Amendment Cycle, Request for Comment, U.S. Sentencing Commission, pp. 2-3 (Aug. 28, 2019), https://www.ussc.gov/sites/default/files/pdf/amendment-process/federal-register-notices/20180628_fr_proposed_priorities.pdf ("Continuation of its work with Congress and others to implement the recommendations of the Commission's 2016 report to Congress, Career Offender Sentencing Enhancements, including its recommendations to revise the career offender directive at 28 U.S.C. § 994(h) to focus on offenders who have committed at least one 'crime of violence'").

11

minimum (131 months) that would have applied to those offenders through the normal operation of the guidelines."[10] Moreover, over the last few years, district courts around the country have been acknowledging this issue—and the Commission's data—and applying downward variances under circumstances similar to Hernandez's case, in an effort to avoid the "unwarranted sentencing uniformity" that the Guideline currently creates.[11] In fact, in other First Step Act proceedings in this district, district court judges relied in part on this Sentencing Commission data in finding that a downward variance from the Career Offender Guideline range was appropriate.[12]

As the Supreme Court has recognized, district courts "may freely depart from the range recommended by the Guidelines based not only on an individualized

---

[10] *Id.* at 3.

[11]

See *United States v. Dixon*, No. 2:16-cr-16-MHT, 2016 WL 4492843, at *3 (M.D. Ala. Aug. 5, 2016); *see also, e.g., United States v. Newhouse*, 919 F. Supp. 2d 955, 967-68, 992 (N.D. Iowa 2013) ("join[ing] the growing chorus of federal judges who have rejected applying the Career Offender guideline in certain cases" and rejecting its application to a "nonviolent, recidivist drug addict occupying a low-level role in the drug trade") (citing cases); *United States v. Valdez*, 77 F. Supp. 3d 1115, 1134 (D.N.M. 2014) (varying downward from the Career Offender Guideline range by nearly 50% because its application did not comply with § 3553(a), in a case where the defendant's conviction and predicate offenses were drug offenses and he had no violent crime in his criminal history).

[12]

*See* Order and Reasons, *United States v. Shannon Hernandez*, No. 07-CR-040, ECF No. 71, at 10-13 (E.D. La. Nov. 14, 2019) (Fallon, J.) (reducing sentence for career offender who faced Guidelines range of 262-327 months to time-served after the defendant had served 13 years); and Order for Sentence Reduction, *United States v. Henry Williams, III*, No. 05-CR-0224, ECF No. 278 (E.D. La. February 10, 2020)(Feldman, J.) (reducing sentence for career offender who faced Guidelines range of 262-327 months to 188 months).

12

determination that the Guidelines yield an excessive sentence in a particular case, but also based on policy disagreement with the Guidelines themselves."[13] Here, a downward variance toward Hernandez's non-career offender Guidelines—i.e., his imprisonment guidelines of 130 to 162 months—is warranted for both reasons: first, because the Sentencing Commission's data-based guidance indicates that the Career Offender Guideline categorically over-penalizes people like Hernandez, and second, because the data underlying the Commission's recommendations demonstrate that application of the career offender enhancement yielded an excessive sentence in his specific case. The defendant does not have any convictions for "crimes of violence." Yet he faces the same Guidelines range that applies to people who have been convicted of violent crimes.

## B.    The First Step Act of 2018

Section 404 of the First Step Act permits courts to impose reduced sentences on any prisoner still serving a sentence for a crack-cocaine offense if that sentence was imposed when the pre-FSA penalty structure still applied. The Act establishes its remedy in two steps, and it clearly applies to Hernandez at each step.

---

13

*Peugh v. United States*, 569 U.S. 530, 552 (2013) (Thomas, J., dissenting); *see also Pepper*, 562 U.S. at 501 (stating that the Court's post-*Booker* decisions "make clear that a district court may in appropriate cases impose a non-Guidelines sentence based on a disagreement with the Commission's views"); *Spears v. United States*, 555 U.S. 261, 264 (2009) (holding that district courts "are entitled to reject and vary categorically from the crack cocaine Guidelines based on a policy disagreement with those Guidelines"); *United States v. Merced*, 603 F.3d 203, 218 (3d Cir. 2010) ("The government concedes that a sentencing court may vary downward from the Guidelines range generated by the career offender provision based solely on a policy disagreement with the scope of that provision.").

First, the Act defines what offenses are covered by its remedy:

> Definition of Covered Offense: In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 11 1220; 124 Stat. 2372), that was committed before August 3, 2010.

See First Step Act, Title IV, Sec. 404(a); see also Fair Sentencing Act. Hernandez's drug offenses are "covered offenses" because Section 2 of the FSA "modified" the "statutory penalties" under § 841(b) for "violation[s]" of 21 U.S.C. §§ 841(a) and 846 that involved crack cocaine. Hernandez's offense involved crack cocaine, and committed the violation before August 3, 2010.

Second, the Act provides the circumstances under which a district court can reduce the sentence for defendants who were previously sentenced for a "covered offense":

> Defendants Previously Sentenced: A court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 11 1-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

*Id.*, Section 404(b). This provision plainly applies to Hernandez because this Court previously "imposed a sentence" on him "for a covered offense." Through this motion, he now moves for a reduced sentence under Section 404(b) of the First Step Act and in accordance with the FSA's reduced statutory penalties.

14

Third, the Act provides narrow limitations on this sentencing reduction power. The Act delineates that a court shall not entertain a motion made under Section 404 of the First Step Act to reduce a sentence "if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010," or "if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." *Id.*, Sec. 404(b). Neither of these limitations apply to Hernandez, and he is currently serving a life sentence under the pre-FSA statutory penalty structure for a crack cocaine offense.

In summation, proving eligibility under the First Step Act is straightforward. A defendant is eligible if he was convicted of a crack cocaine offense, was sentenced when the pre-FSA statutory penalties were still in effect, and continues to serve a sentence that has not already been reduced to the post-FSA statutory penalties. Because Hernandez satisfies all of these requirements, the Court has the authority to impose a reduced sentence for his crack cocaine conviction.

**C.** **Hernandez is Entitled to An Evidentiary Hearing So That Hernandez May Further Prove His Meritorious Ground for Relief, Resolve Any Disputed Facts, and Expand An Incomplete Record.**

Hernandez urges the Court to assess *United States v. Stanback*, 377 F. Supp. 3d 618 (W.D. Va. 2019). In *Stanback*, Kelly George Stanback, represented by counsel, filed a motion to reduce his sentence pursuant to Section 404(b) of the First Step Act of 2018. ECF No. 1449. He asks the court to reduce his current sentence of 248 months to time served. The government asserts that Stanback is ineligible for consideration of a reduction in his sentence, and in the alternative, that if he is eligible for consideration, a further reduction of his sentence is not warranted. The government suggests that the only relief to which Stanback is entitled is a reduction in his term of supervised release from 5 years to 4 years. For the reasons set forth below, the court granted Stanback's request and modified his sentence to time served, to be followed by a 4-year term of supervised release.

1.    Drug Weight

The drug weight is an element of the offense and that any fact that increases a mandatory minimum penalty is an element that must be charged in an indictment and proved to a jury beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Alleyne v. United States*, 570 U.S. 99,

16

133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). Under those two cases, if Stanback were sentenced today, his sentence would be based on distributing 5 grams or more of cocaine base, and not 4.5 kilograms of cocaine base.

**Note:** Hernandez was indicted for conspiracy to distribute and possess with intent to distribute crack cocaine (no specified amount).

In *Apprendi*, the Supreme Court held that the Sixth Amendment to the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. In *Alleyne*, the Court applied *Apprendi* to the federal mandatory minimum and maximum sentencing scheme and held that because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an element of the crime that must be submitted to the jury. *Id.* at 116, 133 S.Ct. 2151 (overruling *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) ).

Neither *Apprendi* nor *Alleyne* are retroactively applicable on collateral review. See *United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001) (joining other circuits in finding that *Apprendi* does not apply retroactively to cases on collateral review); and *United States v. Stewart*, 540 Fed.Appx. 171 (4th Cir. 2013) (*per curiam*) (noting that *Alleyne* has not been made retroactively applicable to cases on collateral review).

17

However, for a period of time after *Apprendi* was decided, including before passage of the Fair Sentencing Act in 2010, the jury ordinarily made a finding regarding the threshold penalty, but the court could and did impose statutory-minimum penalties regardless of any jury finding. That practice was authorized by *Harris*, and *Alleyne* did not overrule *Harris* until three years later, and three years after the Fair Sentencing Act was enacted. Nonetheless, Congress, when drafting the First Step Act in 2018, surely did not intend for courts to disregard the last six years of Supreme Court federal sentencing jurisprudence and this court declines to do so.

*Alleyne* made clear that in order to preserve a defendant's Sixth Amendment right to a jury trial, any fact that increases the statutory mandatory minimum sentence is an element of the crime which must be submitted to the jury. *Alleyne*, 570 U.S. at 116, 133 S.Ct. 2151. In this case, Hernandez pled guilty to conspiracy to distribute and possess with intent to distribute (no specified) amount of crack cocaine. Under *Alleyne*, this court is not free to ignore that finding and impose a penalty based on at least 35 grams but less than 50 grams of grams of cocaine referenced in the PSR. Thus, although *Apprendi* and *Alleyne* are not retroactively applicable on collateral review, this court joins other courts in finding that their holdings are applicable in the context of the First Step Act. See *United States v. Simons*, No. 07-CR-00874, 375 F.Supp.3d 379, 487, 2019 WL 1760840 at *6 (E.D.N.Y. Apr. 22, 2019) (citing

18

*Alleyne* and finding that statutory penalties are determined by facts submitted to a grand jury, trial jury, or established by a guilty plea while findings by a judge may be used to determine a sentence within the statutory penalties and cannot change "the mandatory minimum sentence now applicable"); *United States v. Dodd*, No. 3:03-CR-18-3, 372 F.Supp.3d 795, 2019 WL 1529516 (S.D. Iowa, Apr. 9, 2019) (finding in a First Step Act case that "[b]oth *Apprendi* and *Alleyne* are binding on this Court for sentencings held today."); *United States v. Davis*, No. 07-CR-245(S)(1), 2019 WL 1054554 (W.D.N.Y. Mar. 6, 2019), appeal docketed, No. 19-874 (2d Cir. Apr. 5, 2019) ("[I]t is the statute of conviction, not actual conduct, that controls eligibility under the First Step Act."); see also *United States v. Laguerre*, No. 5:02-CR-30098-3, 2019 WL 861417 (W.D. Va. Feb. 22, 2019) (relying without discussion on charged drug weight rather than PSR weight to find defendant eligible for relief).

### 2.   Discretion of the Court

The court under 18 U.S.C. § 3582(c)(1)(B) which states that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute", i.e., the First Step Act of 2018, Section 404, "Application of the Fair Sentencing Act", and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18

19

U.S.C. § 3553(a), to the extent that they are applicable, ordered that the motion be denied. Hernandez is currently serving a 330-month sentence.

See *United States v. Haynes*, No. 8:08-CR-441, 2019 WL 1430125 (D. Neb., Mar. 29, 2019) appeal docketed, No. 19-1701 (8th Cir. Apr. 4, 2019). There, a defendant was indicted and pleaded guilty to possession with intent to deliver 5 grams or more of cocaine base. In the plea agreement, he agreed to be held responsible for 20-35 grams of cocaine base, and the PSR said he was responsible for at least one ounce (28.35 grams) of cocaine base. *Id.* at *1. He sought relief under the First Step Act based on his plea of guilt to the 5 grams of cocaine base. *Id.* at *2. The court denied relief, finding that if the Fair Sentencing Act had been in effect at the time the defendant was indicted, the government would have charged him under 18 U.S.C. § 841(b)(1)(B)(iii). This approach was rejected by the court in *Dodd*, 372 F.Supp.3d at 799, 2019 WL 1529516 at *3. There, the court found that such a speculative claim is insufficient and that many things might have been different at the time the defendant was indicted and tried. The court was unwilling to engage in "a series of hypotheticals about what might have happened had aspects of the case been fundamentally altered." *Id.* See also *United States v. Pierre*, 372 F.Supp.3d 17, 2019 WL 1495123 (D.R.I. Apr. 5, 2019) (holding that in determining eligibility under the First Step Act, court should look to whether the offense of conviction was modified

by the Fair Sentencing Act of 2010 and should not delve into the particulars of the record to determine how the defendant committed the offense of conviction or how the facts would have hypothetically affected the charges brought under the new statutory scheme).

The Fourth Circuit Court finds the reasoning in *Dodd* and *Pierre* persuasive. While it is possible that the government would have proceeded against *Stanback* under 18 U.S.C. § 841(b)(1)(A), it also is possible that it would not have chosen to do so. The government could have determined that evidence was insufficient to prove the quantity beyond a reasonable doubt, or if it did indict him on that amount, the parties might have entered into a plea agreement involving less than 280 grams of cocaine base. The retroactive assumption suggested by the government simply is too speculative a basis on which to determine Stanback's eligibility for a sentence reduction. Thus, the Fourth Circuit declines to assume that Stanback would have been charged and convicted of possessing more than 280 grams of cocaine base if the Fair Sentencing Act had been in effect at the time he was convicted.

The only guidance Congress has given regarding the authorized extent of Section 404 relief is that the district court may impose a reduced sentence "as if" the FSA's reduced crack cocaine penalties "were in effect at the time the covered offense was committed." This broad grant of resentencing authority contains one implied

21

limitation, that the court cannot impose a sentence lower than the statutory mandatory minimum applicable under the FSA — the current statutory penalties. For example, if a defendant was convicted at trial in 2009 where the jury found he distributed "50 grams or more" of crack cocaine, his post-FSA mandatory minimum sentence would be five years, because that is the post-FSA minimum for an offense involving 28 grams or more but less than 280 grams of crack. 21 U.S.C. § 841(b)(1)(B)(iii). In that case, the district court, acting pursuant to Section 404, could not reduce the defendant's sentence below five years.

**D.      18 U.S.C. § 3582(c)(2) and USSG Amendments 750, and 782**

Without the career offender enhancement, Hernandez would be eligible to receive a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and USSG Amendments 750 and 782 as follows:

1.      *Amendment 750 of the United States Sentencing Guidelines*

On April 28, 2011, the Commission submitted to Congress, Amendment 750, the permanent guideline amendment implementing the Fair Sentencing Act ("FSA"). The three-part amendment (A, B & C) re-promulgated as permanent the temporary emergency amendment and took effect on November 1, 2011.

On June 30, 2011, the Commission voted to promulgate Amendment 759 which added Parts A and C of Amendment 750 as amendments listed in §1B1.10

22

(Reduction in Term of Imprisonment as a Result of an Amended Guideline Range)(Policy Statement) that apply retroactively. Part A contained the changes to the crack cocaine quantity levels in the Drug Quantity Table in § 2D1.1. Part C deleted the cross reference in § 2D2.1 to reflect the elimination of the statutory minimum for simple possession of crack cocaine. The Commission voted to make Amendment 759 effective November 1, 2011, the same date that Amendment 750 took effect.

2. *Amendment 782 of the United States Sentencing Guidelines*

In April of 2014, the U.S. Sentencing Commission voted to lower the federal drug sentencing guidelines by two (2) levels and sent USSG Amendment 782 to Congress which became effective on November 1, 2014. The Commission then considered whether to make this relief retroactive to current prisoners who have already been sentenced. On July 18, 2014, the Commission voted for full retroactivity of USSG Amendment 782.

3. *Modification of Sentence pursuant to 18 U.S.C. § 3582(c)(2)*

"In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guidelines provisions that were applied when the defendant was sentenced, and shall leave all other guideline application decisions unaffected." USSG § 1B1.10(b)(1).

23

After the district court determines what the modified sentence would be, the
district court is required to consider any applicable factors under 18 U.S.C. § 3553
in deciding whether a sentence modification is "warranted in whole or in part under
the particular circumstances of the case." *Dillon*, 130 S.Ct. at 2692. "Because
reference to § 3553 is appropriate only at the second step of this circumscribed
inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into
preliminary re-sentencing proceedings." *Id.* Thus, even if Hernandez qualifies for
sentence modification under the first step of the analysis, the decision whether to
ultimately grant a modification is left to the sound discretion of the trial court. See
*Dillon*, 130 S.Ct. at 2692.

Therefore, Hernandez is eligible to receive a 4-level reduction under
Amendments 750 and 782. Because the PSR indicates that a conservative estimate of
the amount of cocaine base distributed and reasonable foreseeable to Hernandez was
at least 35 grams but less than 50 grams of cocaine base. See PSR ¶ 96.

Applying USSG Amendments 750 and 782 calculations to this case,
Hernandez's Total Offense Level will be reduced to level 24. See also 2016
Sentencing Guidelines, indicating that "At least 28 G but less than 112 G of Cocaine
Base" calls for a Base Offense Level of 24, pursuant USSG § 2D1.1(c)(8). Based
upon a Total Offense Level of 24 in Criminal History Category of V, the guideline

24

imprisonment range is 92 to 115 months. Hernandez respectfully requests that the Court resentence him to 212 months' imprisonment (92 months on Count 1ss and a consecutive 120 months on Count 2ss), which is a substantial reduction of sentence.

He therefore requests this Court order a hearing to impose a reduced sentence under the FSA's applicable statutory range, i.e. the current statutory penalties. Hernandez requests this Court order an updated presentence report so that his sentencing guidelines may be recalculated in accordance with law. At such a hearing, all the relevant statutory sentencing factors under 18 U.S.C. § 3553(a) will be addressed in order to achieve a sentence that his sufficient but not greater than necessary.

It is essential to also note that since Hernandez's incarceration began, he has taken numerous steps to attempt to improve himself in "post-conviction rehabilitation." This effort and its obvious achievements should be welcome news to this Honorable Court due to the fact that Hernandez has taken continuous strides to prepare himself for reentry back into society to be a law abiding citizen.

Based on the above, Hernandez meets all of the qualifications for those eligible for relief under the First Step Act of 2018. U.S. Sentencing Commission advises against strict application of the Career Offender Guideline to non-violent offenders like Hernandez, and retroactive USSG Amendments 750 and 782, and he is not deemed a Public Safety Factor. Accordingly, this motion should be granted.

25

## III. CONCLUSION

For the above and foregoing reasons, Hernandez's sentence must be vacated

for resentencing pursuant to the First Step Act of 2018, U.S. Sentencing Commission

advises against strict application of the Career Offender Guideline to non-violent

offenders like Hernandez, and retroactive USSG Amendments 750 and 782. In the

alternative, an evidentiary hearing should be held so that Hernandez may further

prove his meritorious ground for relief, resolve any disputed facts, and expand an

incomplete record.

Respectfully submitted,

Dated: August 24th, 2020.

MOISES HERNANDEZ
REG. NO. 41269-050
FCI RAY BROOK
FEDERAL CORR. INSTITUTION
P.O. BOX 900
RAY BROOK, NY  12977

## CERTIFICATE OF SERVICE

I hereby certify that on August 24th, 2020, I mailed a true and correct copy of the above and foregoing Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act via U.S. Mail, postage prepaid, to Jason M. Richardson, Assistant U.S. Attorney at U.S. Attorney's Office, 401 Market Street, P.O. Box 1427, Camden, NJ 08101.

MOISES HERNANDEZ

26

Moises Hernandez #14513018

F.C.I. Raybrook

P.O. Box 900

Raybrook, NEW York 12977

FCI RAY BROOK
P.O. BOX 300 RAY BROOK, NEW YORK
DATE: 8/27/20

"The enclosed letter was processed through special mailing
procedures for forwarding to you. The letter has neither been
opened nor inspected. If the writer raises a question or problem
over which this facility has jurisdiction, you may wish to return the
material for further information or clarification. If the writer
enclosed correspondence for forwarding to another addressee, please
return the enclosed to the above address."



RECEIVED

AUG 3 1 2020

AT 8:30
WILLIAM T. WALSH
CLERK

RECEIVED

AUG 3 1 2020

AT 8:30
WILLIAM T. WALSH
CLERK

Legal Mail

Mr. William T. Wal
Clerk of Court
U.S. District Cour
District of New Je
Mitchell H. Cohen Bu
4th and Cooper Streets, R
Camden N.J. 08101